ORIGINAL

FILED

ADR

2008 JUN -9 P 3:18

RICHARD W. WIEKING
CLERK
E-FILING DISTRICT COURT
NO. DIST. OF CA, S.J.

1  Peter F. Lindborg, Esq. (SBN 150192)
   LINDBORG & DRILL LLP
2  550 North Brand Boulevard, Suite 1830
   Glendale, California 91203
3  Tel: 818/637-8325
4  Fax: 818/637-8376

5  Attorneys for Plaintiff,
   Alan DeAtley

6

7            UNITED STATES DISTRICT COURT

8        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                  SAN JOSE DIVISION

10   CV 08 - 80122 MISC.
                                            RMW
11   ALAN DEATLEY,                MISC. CASE NO. _____

12                                 Related to Case No. 06-cv-00278-JLQ
                                   (E.D. Wash.)
13            Plaintiff
14       v.                        MOTION TO COMPEL
                                   COMPLIANCE WITH SUBPOENA
15

16   GRANITE CONSTRUCTION, INC.,   Date:
     a Washington corporation; GRANITE   Time:
17   GROTTO VENTURES–PROJECT I, LLC,   Ctrm.:
     a California Limited Liability Company; and   Hon.:
18   GRANITE NORTHWEST, INC., a business
     entity, form unknown
19

20

21            Defendants.

22

23

24   TO ALL INTERESTED PERSONS:

25       Please take notice that on _____, 2008 at _____ .m. in Courtroom

26   ____ of the above-captioned Court located at 280 South First Street, San Jose, California 95113, or as

27   soon thereafter as this matter may be heard, Plaintiff, Alan DeAtley ("DeAtley") will, and does

28

                                    -1-

                          MOTION TO COMPEL

LINDBORG & DRILL, LLP
550 NORTH BRAND BOULEVARD, SUITE 1830
GLENDALE, CALIFORNIA 91203
TEL: 818-637-8325

hereby, move this Court, pursuant to Rule 45 of the Federal Rules of Civil Procedure, for an order

compelling Defendants to fully comply with the terms of four subpoenas served upon them in March,

April and May 2008 in the City of Watsonville, County of Santa Cruz, California and further ordering

Defendants to pay sanctions in the amount of no less than $25,000 to Plaintiff as compensation for the

attorneys' fees and costs incurred by Plaintiff as a result of Defendants' non-compliance.

This motion is based upon this Notice, the annexed Memorandum of Points and Authorities,

Declaration of Louis Puccini Jr., the complete files and records in this action and upon such oral and

documentary evidence which may come before Court at the hearing of this motion.

Dated: _4 JUNE 08_

LINDBORG & DRILL LLP

By: _____

Peter F. Lindborg, Esq.
Attorneys for Plaintiff,
Alan DeAtley

LINDBORG & DRILL LLP
550 NORTH BRAND BOULEVARD, SUITE 1830
GLENDALE, CALIFORNIA 91203
TEL. 818 637-8325

-2-

MOTION TO COMPEL

LINDBORG & DRILL LLP
550 NORTH BRAND BOULEVARD, SUITE 1830
GLENDALE, CALIFORNIA 91203
TEL. 818 637-8325

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff brings this action for the purpose of obtaining an Order compelling Granite Construction, Inc., Granite Northwest, Inc. and Granite Grotto Ventures–Project I, LLC, (hereinafter jointly referred to as "Granite) to produce documents in response to Subpoenas served upon Granite and its registered agent for service of process concerning litigation pending in the United States District Court for the Eastern District of Washington in which Alan DeAtley is a party.

In summary, DeAtley has repeatedly served two (2) Subpoenas (each requesting different documents) upon Granite for the production of documents associated with an Asset Purchase and Sale Agreement with Superior Asphalt & Paving Company (and affiliated companies, jointly referred to as "Superior"), which closed on or about May 23, 2007. The transaction for which Alan DeAtley seeks documentation is an Asset Sale Purchase Agreement wherein Superior was the seller and Granite was the purchaser. The transaction from which documents are sought is not the proper subject of any claim of privilege or confidentiality. Granite has produced some documents, but has failed and refused to produce all of the documents for the reason that Superior, the seller, has notified Granite, the buyer, that Granite is not to release documents since Superior and/or its principals may claim an "interest" in such documents. All of the documents requested are in the possession of Granite and there is no valid legal basis shielding Granite from producing such documents.

## I.    FACTUAL BACKGROUND

Plaintiff, Alan DeAtley is a defendant and counter-claimant in litigation pending in the United States District Court for the Eastern District of Washington, Case No. CV-06-00278-JLQ. Through his counsel in the Washington litigation, Mr. DeAtley has retained an accountant CPA as his expert witness to calculate estimated damages (the "Damage Expert"). The Damage Expert requires the documents that are in the possession of Granite in order to effectively and properly prepare his report

-3-

and evaluate and calculate any damages in the Washington State litigation. Such documents are absolutely necessary to proper calculation of damages by the Damage Expert. The subpoenaed documents are not available to Alan DeAtley from any other source and such documents are not in his possession.

DeAtley's Damage Expert prepared a list of necessary documents, which was served upon Granite by Subpoena dated March 25, 2008. Prior to the issuance and service of the subpoena, counsel for DeAtley in the Washington State litigation contacted the Clerk of the Court of the Northern District of California to confirm that the issuance and service of the subpoena was in compliance with the Local Rules and the Court Clerk's directive. The Clerk of the Northern District of California directed Alan DeAtley's counsel to caption the subpoena out of the Washington Litigation, not the Northern District of California, and stated that, in the event a motion to compel was needed, that it would need to be brought in this Court (Declaration of Louis Puccini, Jr. at ¶ 4 and Exhibit A).

The Subpoena was duly and properly served upon Granite by email dated April 3, 2008. Granite's representative, Nancy Valek-Corbett, Paralegal, stated that Granite would produce the documents, but that the documents were voluminous and Granite's attorney was on vacation and others were going to an out-of-state leadership conference. She requested an extension of time in which to produce the documents and DeAtley granted the request (Declaration of Louis Puccini, Jr. at ¶ 5).

Granite produced some of the requested documents which were accompanied by a transmittal letter dated April 8, 2008. However, Granite failed to produce all of the documents (Declaration of Louis Puccini, Jr. at ¶ 7 and Exhibit B).

LINDBORG & DRILL LLP
550 NORTH BRAND BOULEVARD, SUITE 1830
GLENDALE, CALIFORNIA 91203
TEL. 818 637-8325

-4-

MOTION TO COMPEL

The produced documents were sent to DeAtley's Damage Expert who produced a list of missing documents reasonably expected to be in existence, but omitted from the initial production ("missing documents").  A letter notifying Granite of the missing documents was sent to Nancy Valek-Corbett dated April 25, 2008 (Declaration of Louis Puccini, Jr. at ¶ 8 and Exhibit C and D).

During the month of April, DeAtley's counsel repeatedly attempted to contact Ms. Valek-Corbett regarding the missing documents.  Granite failed to respond for almost a month.  Finally, Ms. Valek-Corbett acknowledged that Granite had not produced all of the documents requested, including specifically admitting that they had not produced any of the tax returns and potentially other documents.  Despite Granite's admission that they had not produced all of the documents required by the Subpoena, Granite did not take any action required by Federal Rules, including Rules 45 and 26(c) of the Federal Rules of Civil Procedure, and it did not file and has not yet filed to date any Motion to Quash the Subpoena or a Motion for Protective Order (Declaration of Louis Puccini, Jr. at ¶ 9).

DeAtley suspected that Superior was interfering with the production of documents and served a second Subpoena (again in the form advised by the Court Clerk) on Granite on April 25, 2008, which Subpoena required Granite to produce any and all documents from Superior and/or Superior's attorneys and/or officers and employees attempting to preclude or interfering with Granite's production of its documents.  The response date for the second Subpoena was May 5, 2008.  Again, Granite failed to file any response whatsoever to the second Subpoena, including failing to file a Motion to Quash the Subpoena or for Protective Order pursuant applicable Federal Rules (Declaration of Louis Puccini, Jr. at ¶ 11 and Exhibit E).

By email dated May 9, 2008 (Declaration of Louis Puccini, Jr. at Exhibit F), Ms. Valek-Corbett admitted that Granite had not produced all of the documents and that Superior by and through its attorneys and/or others had instructed Granite not to produce the documents and that Granite was

-5-

LINDBORG & DRILL LLP
550 NORTH BRAND BOULEVARD, SUITE 1830
GLENDALE, CALIFORNIA 91203
TEL: 818 637-8325

honoring Superior's informal and illegal request. Superior itself took no action to preclude the production of documents, including failing to file a Motion to Quash and/or a Motion for Protective Order (Declaration of Louis Puccini, Jr. at ¶ 12). Thereafter, Granite's attorney, Richard Watts, contacted DeAtley's counsel for the first time and informed that, in fact, Superior and its attorney had instructed Granite not to produce the documents by letter to Granite dated May 9, 2008 (Declaration of Louis Puccini, Jr. at ¶ 13 and Exhibit G).

## II.    AN ORDER REQUIRING FULL COMPLIANCE WITH THE SUBPOENAS IS APPROPRIATE

It is clear that there have been other contacts between Superior and Granite since Granite has failed to produce the documents described in the original Subpoena served in March of 2008. The letter of May 9, 2008 is wholly inadequate to explain why Granite failed and refused to produce documents earlier. Clearly, Granite and Superior have been in contact before May 9, 2008, and have conspired to prevent DeAtley from obtaining subpoenaed documents.

Since April 9, 2008, Granite has produced no other documents whatsoever, despite admitting that it had tax returns and most likely other documents, including the documents listed in the letter of April 25, 2008 (Declaration of Louis Puccini, Jr. at Exhibit C). DeAtley has cooperated in good faith with Granite, including offering to pay any reasonable expenses incurred in copying and delivering such documents, and extending the deadline for Granite to produce the documents. Despite Granite having been served Subpoenas in the proper form required by Federal Rules, including provisions to protect the party who received the Subpoena and notifying the party that it had the right to seek a

LINDBORG & DELL LLP
550 NORTH BRAND BOULEVARD, SUITE 1830
GLENDALE, CALIFORNIA 91203
TEL. 818 637-9325

-6-

motion to quash and/or protective order, Granite has wholly failed to file any proceeding in any court in response to the six Subpoenas to date.

All of the documents originally subpoenaed are part of the Superior to Granite Asset Purchase and Sale Agreement ("Agreement") and are "property" of Granite pursuant to the Agreement itself. Superior retained no rights, interests or privileges in the subpoenaed documents. The Agreement[1] itself provides in pertinent part:

> A. "...the Selling Entities own and lease certain real and personal property and assets, including without limitation to the following (collectively, the "Operating Assets")...
>
> ...All goodwill, telephone numbers, estimating cost assumptions and methodologies, insurance or other claims relating to the Assets, warranties relating to the Assets, all books and records, whether in tangible or electronic form, related to the Business, except those accounting records related to Seller's accounts receivable (the "Books and Records"), and all other intangible assets used or usable in the Business..."

[Asset Purchase and Sale Agreement, at ¶A, ¶A(8), pp. 1 and 3]

> "Possession. Seller shall transfer possession of the Assets to Buyer on the Closing Date. Without limitation of the foregoing...
>
> ...If not previously delivered to Buyer, Seller shall deliver originals of all Books and Records (including electronic records) describing or relating to the Assets to Buyer on the Closing Date. The originals of such Books and Records shall become the property of Buyer on the Closing Date. (emphasis added)"

[Asset Purchase and Sale Agreement, at ¶11.2, pp. 34]

LINDBORG & DRILL LLP
550 NORTH BRAND BOULEVARD, SUITE 1830
GLENDALE, CALIFORNIA 91203
TEL. 818 637-8325

---

[1] The Agreement is not attached to this Motion due to its voluminous length, but is and will be available for the Court's review.

MOTION TO COMPEL

In fact, Granite's attorney, Richard Watts, has represented that Granite has not, and will not, return or deliver any of the subpoenaed documents to Superior and also agreed that it would retain all of the documents in its possession pending resolution of the Subpoena issues by the appropriate Court (Declaration of Louis Puccini, Jr. at ¶ 21 and Exhibit J).

In order to remove all doubt as to the enforceability of the Subpoenas, on May 28, 2008, DeAtley served a third set of both Subpoenas, captioned out of the Northern District of California, on Granite's counsel, Richard Watts. Although Granite had previously accepted service of the previous Subpoenas, Mr. Watts informed DeAtley's counsel that service would not be accepted and that Granite's statutory agent must now be served. Although service upon the registered agent has now been accomplished, Granite's sudden break with its pattern of accepting service clearly indicates the bad faith of both Superior and Granite, and demonstrates the measures they have taken to frustrate production of the documents.

Granite's actions in this case in failing to comply with the subpoenas, in failing to notify DeAtley that it had not produced all the documents (in effect, concealing documents), and admittedly failing to produce documents which were the subject of the original Subpoena (at least tax returns), demonstrate a course of bad faith conduct flaunting compliance with lawful federal subpoenas. Granite should be required to immediately produce all of the documents requested by the Subpoenas, at its expense and should pay all actual attorneys fees[2], costs and expenses incurred in enforcing the Subpoenas. These fees include the expense of filing a motion in the Eastern District of Washington to extend the deadline for filing expert reports sand conduct related discovery. The original deadline for

---

[2] Upon information and belief, Superior may have entered into a verbal or written agreement with Granite to indemnify Superior for all of its costs and expenses including any sanctions that may be ordered by the Court as a result of its Superior's demands to preclude production of documents. Although subject of the second Subpoena, no such agreement has been produced by Granite.

MOTION TO COMPEL

LINDBORG & DRILL, LLP
550 NORTH BRAND BOULEVARD, SUITE 1830
GLENDALE, CALIFORNIA 91203
TEL. 818 637-8325

the submission of such expert reports was June 2, 2008, but the Damage Expert could not submit his report by that date as a direct result of Granite's refusal to comply with the Subpoenas.

### III.     CONCLUSION

Granite's original conduct demonstrates that it knew that full compliance with the Subpoenas was required. Granite had to either fully comply with the Subpoenas or file appropriate motions to quash or for protective order. Granite did neither! For all the foregoing reasons, Plaintiff respectfully requests that this Court enter its order compelling Defendants to fully and immediately comply with the Subpoenas and further order Defendants to pay Plaintiff's attorney's fees, costs and expenses in an amount to be proven, but no less than $25,000.

Respectfully submitted,

Dated: _4 JUNE 08_

LINDBORG & DRILL LLP

By:

Peter F. Lindborg, Esq.
Attorneys for Plaintiff,
LINDBORG & DRILL LLP

LINDBORG & DRILL LLP
550 NORTH BRAND BOULEVARD, SUITE 1830
GLENDALE, CALIFORNIA 91203
TEL. 818 637-8325

-9-

MOTION TO COMPEL

Peter F. Lindborg, Esq. (SBN 150192)
LINDBORG & DRILL LLP
550 North Brand Boulevard, Suite 1830
Glendale, California 91203
Tel: 818/637-8325
Fax: 818/637-8376

Attorneys for Plaintiff, Alan DeAtley

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| **ALAN DeATLEY,** | **MISC. CASE NO. _____** |
| **Plaintiff** | **Related to Case No. 06-cv-00278-JLQ** |
| v. | **(United States District Court, E.D. Wash.)** |
| **GRANITE NORTHWEST, INC.,** <br> **GRANITE CONSTRUCTION, INC.,** <br> **a Washington corporation; and** <br> **GRANITE GROTTO VENTURES —** <br> **PROJECT I, LLC, a California** <br> **limited liability company,** | **DECLARATION OF LOUIS PUCCINI, JR.,** <br> **IN SUPPORT OF MOTION TO COMPEL** <br> **COMPLIANCE WITH SUBPOENA** |
| | **Date:** <br> **Time:** <br> **Ctrm.:** <br> **Hon.:** |
| **Defendants.** | |

I, Louis Puccini, Jr., declare and state as follows:

1.      I am an attorney at law and a former United States Bankruptcy Judge admitted to

practice before all state and federal courts in the State of New Mexico and specially admitted

(*pro hac vice*) to practice in the United States District Court for the Eastern District of Washington.

I, along with other counsel, represent Alan DeAtley in the case pending in the United States District

Court for the Eastern District of Washington.  I have personal knowledge of the following matters

and, if called upon as a witness herein, could and would competently testify thereto.

2.      Alan DeAtley is a Defendant and Counter-Claimant in litigation pending in the United States District Court for the Eastern District of Washington, Case No. CV-06-00278-JLQ.

3.      Alan DeAltey, through his counsel in the Washington litigation, has retained an accountant CPA as his expert witness to calculate estimated damages (the "Damage Expert"). The Damage Expert requires the documents that are in the possession of Granite in order to effectively and properly evaluate and calculate any damages in the Washington litigation and to prepare his expert report which was due June 2, 2008. Such documents are absolutely necessary for the proper calculation of damages by the Damage Expert. The subpoenaed documents are not available to Alan DeAtley from any other source and such documents are not in his possession.

4.      DeAtley's Damage Expert prepared a list of necessary documents, which was served upon Granite by Subpoena dated March 25, 2008. Prior to the issuance and service of the subpoena, counsel for DeAtley in the Washington State litigation contacted the Clerk of the Court of the Northern District of California to conform the issuance and service of the subpoena to be in compliance with the Local Rules and the Court Clerk's directive. The Clerk of the Northern District of California directed Alan DeAtley's counsel to caption the subpoena out of the Washington litigation, not the Northern District of California, and said that, in the event a motion to compel was needed, that would obviously need to be in the Northern District of California Court. A copy of the initial Subpoena dated March 25, 2008 is attached as **Exhibit A**.

5.      The Subpoena was duly served upon Granite and was acknowledged by Granite's representative, Nancy Valek-Corbett, Paralegal in Granite's legal department, and she acknowledged that Granite would produce the documents, but that the documents were voluminous and that some of Granite's employeed involved in the production were going on an out-of-state leadership

2

conference, and requested a extension of time in which to produce the documents. DeAtley granted the extension of time.

6.      Granite produced some of the requested documents which were accompanied by a transmittal letter dated April 8, 2008, a copy of which is attached as **Exhibit B.**

7.      However, Granite did not produce all of the documents.  Granite failed to inform DeAtley that it had specifically withheld certain documents in gross violation of the Subpoena.  In fact, in the list attached to the letter of April 8th (see **Exhibit B**), Ms. Valek-Corbett acknowledged that Granite had not produced all of the documents requested, including specifically acknowledging that they had not produced any of the tax returns.

8.      The produced documents were sent to DeAtley's Damage Expert and he then produced a list of missing documents reasonably believed to be in existence but omitted from the initial production.  A letter notifying Granite of the missing documents was sent to Nancy Valek-Corbett dated April 25, 2008, a copy of which letter is attached as **Exhibit C** and the list of missing documents is attached as **Exhibit D**.

9.      Despite Granite's admission that it had not produced all of the documents required by the Subpoena, Granite did not take any action required by Federal Rules, including Rules 45 and 26(c) of the Federal Rules of Civil Procedure, and it did not file and has not yet filed to date any Motion to Quash the Subpoena or a Motion for Protective Order.  Granite simply did nothing, including failing to produce all of the documents in its possession.  Granite intentionally concealed the fact that it had not produced all the documents and in delaying its response, attempted to frustrate efforts to comply with the subpoena.

10.     DeAtley suspected that Superior was interfering with the production of documents and served a second Subpoena (in the form advised by the Court Clerk) on Granite on April 25,

2008, a copy of which is attached as **Exhibit E**, which Subpoena required Granite to produce any and all documents from Superior and/or Superior's attorneys and/or officers and employees attempting to preclude or interfering with Granite's production of its documents. The response date for the second Subpoena was May 5, 2008.

11.     Granite failed to file any response whatsoever to the second Subpoena, including failing to file a Motion to Quash the Subpoena or for Protective Order pursuant applicable Federal Rules.

12.     By email dated May 9, 2008 (a copy of which is attached as **Exhibit F**), Ms. Valek-Corbett finally admitted that Granite had not produced all of the documents and that Superior by and through its attorneys and/or others had instructed Granite not to produce the documents and that apparently Granite was complying with Superior's illegal and improper request. Superior itself took no action to preclude the production of documents, including failing to file a Motion to Quash and/or a Motion for Protective Order.

13.     For the first time, Granite's attorney, Richard Watts, contacted DeAtley's counsel and informed DeAtley's counsel that, in fact, Superior and its attorney had instructed Granite not to produce the documents by letter of May 9, 2008. A copy of the letter from Superior's attorney, Richard McQuade, dated May 9, 2008, instructing Granite not produce documents is attached hereto and incorporated herein as **Exhibit G**. The letter from Superior's attorney's is dated May 9, 2008. However, it seems clear that there have been previous contacts between Superior and Granite since Granite has deliberately and intentionally failed to produce the documents in the original Subpoena since March of 2008. The letter of May 9, 2008 is inadequate to explain why Granite and failed and refused to produce documents earlier, which it initially agreed to produce. Clearly, Granite and

4

Superior have been in contact before May 9, 2008, and have conspired to prevent DeAtley from obtaining the documents.

14.    Since April 9, 2008, Granite has produced no other documents whatsoever, despite admitting that it had tax returns and most likely other documents, including the documents listed in the letter of April 25, 2008 (see **Exhibit C**).

15.    Despite Granite having been served Subpoenas in the form required by Federal Rules, including provisions to protect the party who received the Subpoena, including notifying the party that it had the right to seek a motion to quash and/or protective order, Granite has wholly failed to file any proceeding in any court in response to the two Subpoenas to date.

16.    Granite's actions in this case in failing to comply with the subpoenas, in failing to notify DeAtley that it had not produced all the documents, and admittedly failing to produce documents which were the subject of the original Subpoena (at least tax returns), Granite has engaged in a course of conduct disrespecting the federal subpoena and has failed to take any legal action necessary and should be required to immediately produce all of the documents requested in both Subpoenas, and should pay attorneys fees, costs and expenses incurred by DeAtley in enforcing the Subpoenas. The costs and fees incurred by DeAtley to date in this effort, including the expense of attempting to extend the expert report deadline from June 2, 2008, and estimated to be incurred through the date of the hearing shall be determined, but could easily exceed $20,000.00.

17.    Although DeAtley's counsel is well aware of the requirements of Rule 45 concerning issuance of Subpoenas, DeAtley's Washington counsel issued the original Subpoenas in accordance with the Northern District of California's Clerk's instructions, DeAtley has served additional Subpoenas out of the Northern District of California on Granite duplicating the original Subpoenas so as to resolve any issue claimed by Superior's attorney in the letter dated May 9, 2008 (**Exhibit H**

and **Exhibit I**). DeAtley has attempted to cooperate in good faith with Granite, including offering to pay any reasonable expenses incurred in copying and delivering such documents, and extending the deadline for Granite to produce the documents and has attempted to work with Granite's legal department to obtain the documentation required by the Subpoenas.

18.    The Judge in the Eastern District of Washington has set a deadline of June 2, 2008, for the production of DeAtley's expert witness' final report. In light of Granite's refusal to produce documents, it is impossible to have such documents available to the expert witness and for him to produce his final expert report by June 2nd. DeAtley has filed a Motion in the Washington Court to extend such deadline, which will incur additional legal fees and costs to DeAtley as a direct and proximate result of Granite's failing to produce the necessary documents which are the subject of the Subpoenas. The additional costs and fees incurred by DeAtley to date in that effort and estimated to be incurred through the date of the hearing on that Motion can be determined at that time.

19.    Declarant has no documentation or verbal representations, but suspects Superior may have entered into a verbal or written agreement with Granite to indemnify Superior for all of its costs and expenses including any sanctions that may be ordered by a Court as a result of Granite's refusal to comply with the subpoenas. Although subject of the second Subpoena, no such agreement has been produced by Granite.

20.    DeAtley has not attempted to resolve the alleged production disputes with Superior's counsel due to a long history of Superior, its owners and counsel interfering with DeAtley, including in prior litigation, a federal judge entering an Order precluding Superior and its officers and owners from interfering with Alan DeAtley's business. In addition, in light of the limited time available, and the apparent stalling tactics by Superior, there was insufficient time to even attempt to resolve

these issues with Superior and/or Granite. Time is of the essence and DeAtley is requesting an immediate hearing on this Motion.

21.     Granite's attorney, Richard Watts, represented to DeAtley's counsel that Granite had not and would not return or deliver any of the subpoenaed documents to Superior and also agreed that it would retain all of the documents in its possession pending resolution of the Subpoena issues by the appropriate Court. A copy of the letter confirming such agreement is attached hereto as **Exhibit J**.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 4th day of June, 2008, in Albuquerque, New Mexico.

Louis Puccini, Jr.

I:\K\D\DeAtley\Pldgs--#278\MtnCompel--Declaration(NDCA--SanJose).060208.wpd
5872.01

7

%AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

EASTERN ——————— DISTRICT OF ——————— WASHINGTON

                                    **SUBPOENA IN A CIVIL CASE**

V.

IN RE DEATLEY LITIGATION,

Case Number:[1] CV-06-00278-JLQ

TO:  GRANITE CONSTRUCTION, INC. (AND AFFILIATES)
     585 WEST BEACH STREET
     WATSONVILLE  CA  95076

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED EXHIBIT "A"

| PLACE    PUCCINI & MEAGLE, P.A., 8015 MOUNTAIN RD. PLACE NE, STE. 200, ALBUQUERQUE, NM 87110 | DATE AND TIME 4/9/2008 1:00 pm |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    ATTORNEY FOR DEFENDANT | DATE 3/25/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
LOUIS PUCCINI, JR., P.O. BOX 30707, ALBUQUERQUE, NM 87190-0707
TELEPHONE: (505) 255-0202

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT
A

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 3/25/2008 | 585 WEST BEACH STREET<br>WATSONVILLE CA 95076 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| GRANITE CONSTRUCTION | UPS NEXT DAY AIR<br>TRACKING NO. 1Z F71 A57 22 1000 3774 |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| CATHY HOUSE | N/A  Paralegal |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____3/25/2008_____
                    DATE

SIGNATURE OF SERVER

PO Box 30707
ADDRESS OF SERVER

Albuquerque, NM 87190-0707

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
    (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) If a subpoena
        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
    (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A
## TO SUBPOENA TO GRANITE CONSTRUCTION

This Subpoena requests Granite Construction, Inc. to produce the following documents which it should have possession by virtue of its purchase of the Superior Asphalt & Paving Company (hereinafter "Superior") in or about the year 2007:

1.  Fixed asset registers or depreciation scales for Superior and all wholly-owned subsidiaries of Superior for the years 2000, 2001, 2002, 2003, 2004, 2005, 2006, and 2007.

2.  Appraisal reports for the fixed assets, real or personal property, of Superior and all wholly-owned subsidiaries of Superior for the years 2000, 2001, 2002, 2003, 2004, 2005, 2006, and 2007.

3.  Copies of business plans of Superior and all wholly-owned subsidiaries of Superior for the years 2000-2007.

4.  Schedule of compensation of the officers and directors of Superior and all wholly-owned subsidiaries of Superior for the years 2000, 2001, 2002, 2003, 2004, 2005, 2006, and 2007.

5.  List of fringe benefits paid for by Superior and all wholly-owned subsidiaries of Superior for the benefit of the shareholder(s) for the years 2000, 2001, 2002, 2003, 2004, 2005, 2006, and 2007.

6.  List of all employees of Superior and all wholly-owned subsidiaries of Superior who are/were related to any shareholders and the salary of each, for the years 2000, 2001, 2002, 2003, 2004, 2005, 2006, and 2007.

7.  Schedule of key person life insurance owned or paid for by Superior and all wholly-owned subsidiaries of Superior for the years 2000, 2001, 2002, 2003, 2004, 2005, 2006, and 2007.

8.  Personal property tax assessment reports of Superior and all wholly-owned subsidiaries of Superior for the years 2000, 2001, 2002, 2003, 2004, 2005, 2006, and 2007.

9.  Real property tax assessment reports of Superior and all wholly-owned subsidiaries of Superior for the years 2000, 2001, 2002, 2003, 2004, 2005, 2006, and 2007.

10. Business insurance coverage policies for Superior and all wholly-owned subsidiaries of Superior for the years 2000, 2001, 2002, 2003, 2004, 2005, 2006, and 2007.

11. List of customer contracts of Superior and all wholly owned subsidiaries of Superior that constitute more than ten percent (10%) of the companies' revenues, fo the years 2000, 2001, 2002, 2003, 2004, 2005, 2006, and 2007.

12. Copies of Superior's and all wholly-owned subsidiaries' independent accountant year-end work papers for the years 2000, 2001, 2002, 2003, 2004, 2005, 2006, and 2007.

13. Copy of any and all contracts between Superior and/or Albert DeAtley and Granite Construction in 2007 which indicate what assets were acquired by Granite Construction from Superior and/or Alan DeAtley and/or at what price(s).



*Via Federal Express*
*Tracking No.: 8508 3128 3205*

April 8, 2008

Attn:   Louis Puccini, Jr.
        Shay E. Meagle
        Puccini & Meagle, P.A.
        8015 Mountain Road Place, N.E., Suite 200
        Albuquerque, New Mexico 87110 – 7817

Re:     *In re DeAtley Litigation; United States District Court for the Eastern District of
        Washington Case No. CV-06-00278-JLQ*

Dear Mr. Puccini,

Enclosed please find responsive documents pursuant to the Subpoena for Records Granite
Construction Incorporated received on March 26, 2008 regarding documents relating to
Granite Construction Company's purchase of Superior Asphalt & Paving Company.

Enclosed is a list of the responsive documents that Granite was able to locate on such
short notice. Please advise if you need us to provide any additional documentation, or
further explanation regarding the documents that we were unable to locate.

Please do not hesitate to contact me should you have any questions.

Best regards,

Nancy Valek-Corbett
Granite Construction Incorporated
Paralegal

Box 50085
Watsonville, CA 95077-5085
Phone 831/724-1011
FAX 831/722-9657

EXHIBIT
B

1. Fixed Asset Registers or Depreciation
   a. Asset Purchase Schedule (1/2000 through 12/31/2004)
   b. Secondary Asset Purchas Schedule, Includes Land (1/2000 – 12/31/2004)
   c. Equipment List (Number, Description, Serial Number)
   d. Asset List with Cumulative Depreciation through 12/31/2004
   e. Equipment List as of 9/30/05
   f. Equipment List as of 4/12/06
   g. Equipment List as of 12/06 and Letter from John Benson
   h. Equipment List by Company 2005
   i. Paving Equipment List for 2006

2. Appraisal Reports
   a. Equipment Appraisal (02/2007)
   b. Real Property Valuation (05/2007)

3. Copies of Business Plans of Superior & Subsidiaries
   a. Granite never received copies of the business plans for the Superior Group of Companies

4. Compensation Schedule
   a. Compensation Comparison (2005 & 2006) – includes name, wages & bonus

5. List of Fringe Benefits Paid by Superior for the benefit of the shareholders
   a. Granite does not possess such a schedule; however, attached are copies of:
      i. Prototype Non-standardized Money Purchase Pension Plan (2001)
      ii. Benefit Bank Trust (2004, 2005)
      iii. Health Care Plan (2004, 2005)
      iv. Money Purchase Pension Plan & Trust (2004, 2005)
      v. 401(k) Profit Sharing Plan & Trust Audit (2004, 2003)
      vi. Money Purchase Plant (2002)
      vii. Health Care Plan 2004
      viii. Trust Agreement
      ix. Amendment to EE Health Care Plan
      x. Miscellaneous Benefit Descriptions (Various Employees)
      xi. 2004 Employee Handbook

6. List of Employees who are related to shareholders
   a. Reference the Compensations Schedule as requested in #4 above

7. Schedule of Key Person Life Insurance
   a. No Schedule of Key Person Life Insurance; however, included is Certificate of Group Life Insurance for Superior's Employees

8. Personal Property Tax Assessment Reports
   a. To Date – Not Included (need to follow up with Tax Department)

9. Real Property Tax Assessment Reports
   a. To Date – Not Included (need to follow up with Tax Department)

10. Business Insurance Coverage Policies
    a. Granite Construction does not have record of these policies

11. List of Customer Contracts of Superior that constitute >10% of revenue
    a. Key Customer List with Annual Revenue, Cost & Gross Profit for 2006, 2005, 2004
    b. No list for 2003, 2002, 2001 or 2000

12. Copies of independent accountant year end work papers
    a. No work papers have been included
    b. A letter from the Accounting Firm stating that we need to get their permission and inform them of any subpoena regarding the accounting working papers

13. Copy of Contracts between Superior and Granite Construction
    a. Asset Purchase and Sale Agreement between Granite Construction & Superior Group of Companies (3/23/07)

# Puccini & Meagle, P.A.

ATTORNEYS AT LAW

| | |
|---|---|
| Post Office Box 30707 | LOUIS PUCCINI, JR.* |
| Albuquerque, NM 87190-0707 | SHAY E. MEAGLE |
| Telephone:      (505) 255-0202 | |
| Facsimile:      (505) 255-8726 | |
| Email:   pmlaw@puccinilaw.com | |

## URGENT

April 25, 2008

**VIA EMAIL @ nancy.valek@gcinc.com,**
**FACSIMILE @ (831) 761-7846 and**
**UPS NEXT DAY DELIVERY TRACKING NUMBER 1Z F71 A57 22 1000 3845**

Granite Construction Incorporated
Attn: Nancy Valek-Corbett, Paralegal
585 W Beach St
Watsonville CA  95076-5123

RE:      *In re DeAtley Litigation*; United States District Court for the Eastern District of Washington  Case  No.  CV-06-00278-JLQ;  Subpoena  Served  Upon  Granite Construction for Production of Documents

Dear Nancy:

As you have acknowledged, Granite Construction was served the Subpoena for the production of documents on March 24, 2008. All documents were to be produced by April 9, 2008. We received some, but not all, documents with your letter of April 8th. We requested by letter than you forward the remaining subpoenaed documents. Since then, we have had no response. I hope that Granite has not concealed or disposed of subpoenaed documents after service of the Subpoena in violation of the Federal Subpoena.

We have been in communication with you since, and you initially informed me that, although you believed you had all of the documentation requested, the documentation was voluminous and there was going to be a delay in your producing the documentation for two (2) reasons: 1) that the attorney in charge of this transaction was not available for a few days and, 2) that you and your staff were going on a company retreat for several days. We have cooperated with you by extending our expectation of a response.

We have received some of the documentation requested, but considerable documentation has not been produced, as you yourself have stated.

The parties are incurring additional legal fees and expenses by your delay in production, since these documents are needed in the litigation to comply with deadlines fixed by the Court.

EXHIBIT

Granite Construction Incorporated
Attn: Nancy Valek-Corbett, Paralegal
April 25, 2008
Page 2

        We have attempted to reach you again (on April 24th and 25th). I not only left you messages, but left a message with Granite staff requesting your in-house attorney to respond. However, at the time of this letter, I have no response.

        Although I have tried to work with you to give you more than enough time (over 30 days) to produce the documents, I do not believe that we are receiving your full cooperation. In the event that we do not receive all of the remaining documentation within a few days, you will have left me no choice but to file a motion with a United States District Court to compel Granite Construction to complete production of the documents. If we are forced to file such pleadings with a court, we will request appropriate reimbursement for costs and expenses incurred and sanctions.

        I am again requesting Granite Construction immediately complete production of the documentation requested by the March 25th Subpoena (a copy of which is attached). I am also enclosing a list of what we believe are documents Granite did receive from Superior which are missing from your production. Since this transaction only closed in 2007, I expect you should have all of the documents and you should not have destroyed or returned any documentation. However, since your April 8th letter indicated you sent only the documents you could locate "on such short notice," I enclose another Subpoena to disclose additional documentation of any destruction, transfer, return and explanation of why any of the documents are NOT available. We will need a statement by your attorney that you have not destroyed or transferred any subpoenaed documents.

        I would appreciate hearing from you or counsel for Granite Construction as soon as possible. Thank you.

                        Very truly yours,

                        PUCCINI & MEAGLE, P.A.

                        By: _Louis Puccini Jr._
                            Louis Puccini, Jr.

OLP/ch
Enclosures
cc:    Les Powers
       Jennie Behles
       Ken Dugan
       Alan DeAtley

I:\K\D\DeAtley\Ltrs\GraniteConstruction(Nancy).042508.wpd
5872.01

DeATLEY LITIGATION
GRANITE CONSTRUCTION MISSING DOCUMENTS
(APRIL 25, 2008)

1.    The audited Consolidated Financial Statements and Independent Auditors' Report for the years ended December 31, 2004, 2005, 2006 and 2007.

2.    The annual financial statements for Superior Asphalt & Paving Company (the "Parent Company") and its wholly-owned subsidiaries for the years ended December 31, 2000, 2001, 2002, 2003, 2004, 2005, 2006 and 2007.  The wholly-owned subsidiaries consist of the following:

- Superior Equipment & Leasing Company;
- Superior Paving Company;
- Mid-Columbia Asphalt Company
- Mid-Columbia Paving Company;
- Basin Asphalt Company;
- Basin Paving Company;
- Transtate Asphalt Company;
- Transtate Paving Company;
- Blue Mountain Asphalt Company;
- Blue Mountain Paving Company;
- Western States Asphalt Company; and
- Western States Paving Company.

3.    Interim financial statements for the six month period ended June 30, 2006 for the Parent Company and its wholly-owned subsidiaries.

4.    Federal and state income tax returns for the years ending December 31, 2000, 2001, 2002, 2003, 2004, 2005, 2006 and 2007.

5.    Copies of any forecasts or projections of the business that was prepared during the last five (5) years of the business.

6.    List of shareholders, showing the amount of stock and percentages owned by each person.

7.    Organization chart.

8.    Details of transactions with related parties and entities.

9.    Copies of shareholder agreements.

10.   Minutes of Board of Directors meeting.

11.   Copies of the Articles of Incorporation and Bylaws.

EXHIBIT
ⅅ

12.     Copies of buy-sell agreements and/or written offers to purchase the company.

13.     Details of any litigation, including pending or threatened lawsuits.

14.     Resume or a summary of the background and experience of the officers.

15.     A list of trade organizations that officers or company belongs to as a member.


I:\K\D\DeAtley\Docs\GraniteMissingDocuments(1stSubpoena).042508.wpd

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

EASTERN _____ DISTRICT OF _____ WASHINGTON

V.

IN RE DEATLEY LITIGATION,

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  CV-06-00278-JLQ

TO:  GRANITE CONSTRUCTION, INCORPORATED
(AND AFFILIATES)
585 WEST BEACH STREET
WATSONVILLE  CA  95076

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED EXHIBIT "A"

| PLACE    PUCCINI & MEAGLE, P.A., 8015 MOUNTAIN RD. PLACE NE, STE. 200, ALBUQUERQUE, NM 87110 | DATE AND TIME 5/5/2008 1:00 pm |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *Louis Puccini Jr.* ATTORNEY FOR DEFENDANT | DATE 4/25/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
LOUIS PUCCINI, JR., P.O. BOX 30707, ALBUQUERQUE, NM 87190-0707
TELEPHONE: (505) 255-0202

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT
E

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 4/25/2008 | 585 WEST BEACH STREET<br>WATSONVILLE CA 95076 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| GRANITE CONSTRUCTION INC. | UPS NEXT DAY AIR<br>TRACKING NO. 1Z F71 A57 22 1000 3845 |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| CATHY HOUSE | N/A |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    4/25/2008
    _____    _____
    DATE    SIGNATURE OF SERVER

    PO BOX 30707
    _____
    ADDRESS OF SERVER

    ALBUQUERQUE NM 87190-0707

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
   (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the production, inspection, copying, testing, or sampling commanded.
   (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) If a subpoena
      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
   (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
   (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
   (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
   (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
   (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
   (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A
## TO SECOND SUBPOENA TO GRANITE CONSTRUCTION

This Subpoena requests Granite Construction Incorporated to produce the following documents of which it should have possession by virtue of its purchase of the Superior Asphalt & Paving Company (hereinafter "Superior") in or about the year 2007:

1.    A list of all documents (included in the Subpoena dated March 25, 2008) that have been transferred, destroyed, returned or otherwise not produced to date.

2.    All documents, letters, emails or receipts transferring or requesting transfer or returning any of the documents subpoenaed by the March 25, 2008 Subpoena.

I:\K\D\DeAtley\Docs\Exhibit.A.Subpoena(2nd).Granite.042508.wpd

## Cathy House

| | |
|---|---|
| **From:** | Valek-Corbett, Nancy [nancy.valek@gcinc.com] |
| **Sent:** | Friday, May 09, 2008 5:20 PM |
| **To:** | 'Shay Meagle'; 'pmlaw@puccinilaw.com' |
| **Cc:** | Valek-Corbett, Nancy; Watts, Richard; 'jpm@bmatlaw.com'; Lenhardt, Heather |
| **Subject:** | RE: DeAtley Subpoenas |
| **Importance:** | High |

Dear Ms. Meagle and Mr. Puccini,

We are trying to cooperate with the production of documents pursuant to the subpoena, however, representative's for Mr. Albert DeAtley believe they have an interest with the documents and/or there are issues with the subpoena.

Please contact Mr. Jonathan McQuaid or Mr. Dale Martin @ (206) 621-1871, to resolve any dispute regarding the documents.

Granite's Division Counsel, Richard Watts, is out of the office this week, and will contact you Monday, May 12th to discuss.

Best regards,

-Nancy

**Nancy Valek-Corbett / Paralegal/ Granite Construction Incorporated**
585 W. Beach St. | Watsonville, CA 95077-5085 | T: 831-768-4053| F: 831-761-7846 | nancy.valek@gcinc.com
This email, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you have received this email in error, please immediately and permanently delete the original and any copy of any email and any printout thereof.

---

**From:** Shay Meagle [mailto:smeagle@puccinilaw.com]
**Sent:** Friday, May 09, 2008 3:45 PM
**To:** Valek-Corbett, Nancy
**Cc:** 'Louis Puccini'
**Subject:** DeAtley Subpoenas

Dear Ms. Valek-Corbett:

I am sending you this email on behalf of Louis Puccini. Granite Construction has failed to provide the additional documents responsive to the first subpoena, including tax returns you represented to Mr. Puccini would be provided on Monday, May 5th. In addition, Granite has wholly failed to respond to the second subpoena, which required production of documents by May 5th.

This letter is to inform you that we are filing a motion to compel and for sanctions and attorney fees in the U.S.

EXHIBIT
F

6/2/2008

District Court for the Northern District of California.

Shay Meagle

Shay E. Meagle
Puccini & Meagle, P.A.
Post Office Box 30707
Albuquerque, NM 87190-0707
Telephone: (505) 255-0202
Facsimile: (505) 255-8726
Email: smeagle@puccinilaw.com

[x] Download

THE UNAUTHORIZED DISCLOSURE OR INTERCEPTION OF E-MAIL IS A FEDERAL CRIME. SEE 18 U.S.C. SECTION 2517(4). THIS E-MAIL IS INTENDED ONLY FOR THE USE OF THOSE TO WHOM IS IT ADDRESSED AND MY CONTAIN INFORMATION WHICH IS PRIVILEGED, CONFIDENTIAL OR EXEMPT FROM DISCLOSURE UNDER THE LAW. IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, DO NOT DISTRIBUTE OR COPY IT. WE RESPECTFULLY REQUEST YOU RETURN IT IMMEDIATELY TO THE SENDER WITH ATTACHMENTS, IF ANY, AND NOTIFY US BY TELEPHONE. THANK YOU.

LAW OFFICES

**BAROKAS MARTIN & TOMLINSON**
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON, 98122
(206) 621-1871
FAX (206) 621-9907
BMAT@BMATLAW.COM

JONATHAN P. McQUADE                                          JPM@BMATLAW.COM

May 9, 2008

*VIA EMAIL AND U.S. MAIL*

Granite Construction, Inc.
Attn: Richard Watts, Nancy Valek-Corbett
585 W. Beach St.
Watsonville, CA 95077-5085

        Re:    Subpoena

Dear Mr. Watts and Ms. Valek-Corbett:

        As we discussed on the phone, and on behalf of our client, Albert DeAtley and the Superior companies, we ask you **not** to produce the documents sought by the subpoenas from the Puccini & Meagle law office.

        First, and foremost, the subpoenas are invalid under FRCP 45(a)(2)(C) and (b)(2). As a non-party, you cannot be asked to produce documents, or have those documents inspected, unless that subpoena is issued from the district where Granite is located (i.e., the district governing Northern California). Further, a subpoena may only be served to a location within 100 miles of the district where the documents are to be produced or inspected. Obviously, Granite is located more than 100 miles from The United States District Court for the Eastern District of Washington, and so is the Puccini & Meagle law office (where the documents are to be produced).

        Second, you expressed your intention to produce the documents because Granite did not want to defend a motion to compel or be forced to pay attorney fees. According to Mr. Puccini, he intends to enforce the subpoenas in the Northern District of California. The subpoenas were filed in the Eastern District of Washington so this is impossible. A litigant can't simply choose whatever jurisdiction it wants to file motions. If the motion to compel is filed in the Northern District of California, that court will simply throw it out.

ALASKA OFFICE: 1029 WEST THIRD AVENUE, SUITE 280, ANCHORAGE, ALASKA 99501, (907) 276-8010, FAX (907) 276-5334

EXHIBIT
G

Finally, the documents requested are sensitive business documents that should not be simply produced for everyone to see. Even if the documents were either discoverable or relevant (which they are not) the documents likely contain confidential business information that should be protected. If produced, Albert DeAtley will be forced to expend time and money, including attorney fees and costs, to recover these confidential documents. Should Granite choose to produce the documents, despite the clear invalidity of the subpoenas, Albert DeAtley will likely seek full indemnification from Granite.

If you have any questions or concerns, please feel free to give me a call.

Very truly yours,

BAROKAS MARTIN & TOMLINSON

Jonathan P. McQuade

Cc: Client

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

UNITED STATES DISTRICT COURT

NORTHERN _____ DISTRICT OF _____ CALIFORNIA

**SUBPOENA IN A CIVIL CASE**

V.

IN RE DEATLEY LITIGATION,

Case Number:[1]  (ED Wa CV-06-00278-JLQ)

*Needs Signature*

TO:  GRANITE CONSTRUCTION, INCORPORATED
(AND AFFILIATES)
585 WEST BEACH STREET
WATSONVILLE  CA  95076

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED EXHIBIT "A"

| PLACE    550 N BRAND BLVD STE 1830, GLENDALE, CA 91203-1909  TELEPHONE: (818) 637-8325 | DATE AND TIME 5/30/2008 1:00 pm |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  |  |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
PETER LINDBORG, LINDBORG & DRILL, 550 N BRAND BLVD STE 1830, GLENDALE, CA 91203-1909
TELEPHONE: (818) 637-8325

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT
H

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | 585 WEST BEACH STREET<br>WATSONVILLE CA 95076 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| GRANITE CONSTRUCTION INC. | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____    _____
                       DATE                              SIGNATURE OF SERVER

                                                          _____
                                                          ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
   (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
   (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) If a subpoena
      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
   (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
   (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
   (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
   (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
   (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
   (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**EXHIBIT A**
**TO SECOND SUBPOENA TO GRANITE CONSTRUCTION**

This Subpoena requests Granite Construction Incorporated to produce the following documents of which it should have possession by virtue of its purchase of the Superior Asphalt & Paving Company (hereinafter "Superior") in or about the year 2007:

1.    A list of all documents (included in the Subpoena dated March 25, 2008) that have been transferred, destroyed, returned or otherwise not produced to date.

2.    All documents, letters, emails or receipts transferring or requesting transfer or returning any of the documents subpoenaed by the March 25, 2008 Subpoena.

I:\K\D\DeAtley\Docs\Exhibit.A.Subpoena(2nd).Granite.042508.wpd

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

NORTHERN _____ DISTRICT OF _____ CALIFORNIA

**SUBPOENA IN A CIVIL CASE**

V.

IN RE DEATLEY LITIGATION,

Case Number:[1] (ED Wa CV-06-00278-JLQ)

TO: GRANITE CONSTRUCTION, INC. (AND AFFILIATES)
585 WEST BEACH STREET
WATSONVILLE  CA  95076

*Needs Signature*

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED EXHIBIT "A"

| PLACE    550 N BRAND BLVD STE 1830, GLENDALE, CA 91203-1909  TELEPHONE: (818) 637-8325 | DATE AND TIME    5/30/2008 1:00 pm |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
PETER LINDBORG, LINDBORG & DRILL, 550 N BRAND BLVD STE 1830, GLENDALE, CA 91203-1909
TELEPHONE: (818) 637-8325

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT

AO88  (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | 585 WEST BEACH STREET<br>WATSONVILLE CA 95076 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| GRANITE CONSTRUCTION | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
  (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
  (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
  (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
  (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
  (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
  (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
  (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**EXHIBIT A**
**TO SUBPOENA TO GRANITE CONSTRUCTION**

This Subpoena requests Granite Construction, Inc. to produce the following documents which it should have possession by virtue of its purchase of the Superior Asphalt & Paving Company (hereinafter "Superior") in or about the year 2007:

1.  Fixed asset registers or depreciation scales for Superior and all wholly-owned subsidiaries of Superior for the years 2000, 2001, 2002, 2003, 2004, 2005, 2006, and 2007.

2.  Appraisal reports for the fixed assets, real or personal property, of Superior and all wholly-owned subsidiaries of Superior for the years 2000, 2001, 2002, 2003, 2004, 2005, 2006, and 2007.

3.  Copies of business plans of Superior and all wholly-owned subsidiaries of Superior for the years 2000-2007.

4.  Schedule of compensation of the officers and directors of Superior and all wholly-owned subsidiaries of Superior for the years 2000, 2001, 2002, 2003, 2004, 2005, 2006, and 2007.

5.  List of fringe benefits paid for by Superior and all wholly-owned subsidiaries of Superior for the benefit of the shareholder(s) for the years 2000, 2001, 2002, 2003, 2004, 2005, 2006, and 2007.

6.  List of all employees of Superior and all wholly-owned subsidiaries of Superior who are/were related to any shareholders and the salary of each, for the years 2000, 2001, 2002, 2003, 2004, 2005, 2006, and 2007.

7.  Schedule of key person life insurance owned or paid for by Superior and all wholly-owned subsidiaries of Superior for the years 2000, 2001, 2002, 2003, 2004, 2005, 2006, and 2007.

8.  Personal property tax assessment reports of Superior and all wholly-owned subsidiaries of Superior for the years 2000, 2001, 2002, 2003, 2004, 2005, 2006, and 2007.

9.  Real property tax assessment reports of Superior and all wholly-owned subsidiaries of Superior for the years 2000, 2001, 2002, 2003, 2004, 2005, 2006, and 2007.

10. Business insurance coverage policies for Superior and all wholly-owned subsidiaries of Superior for the years 2000, 2001, 2002, 2003, 2004, 2005, 2006, and 2007.

11. List of customer contracts of Superior and all wholly owned subsidiaries of Superior that constitute more than ten percent (10%) of the companies' revenues, fo the years 2000, 2001, 2002, 2003, 2004, 2005, 2006, and 2007.

12. Copies of Superior's and all wholly-owned subsidiaries' independent accountant year-end work papers for the years 2000, 2001, 2002, 2003, 2004, 2005, 2006, and 2007.

13. Copy of any and all contracts between Superior and/or Albert DeAtley and Granite Construction in 2007 which indicate what assets were acquired by Granite Construction from Superior and/or Alan DeAtley and/or at what price(s).

# *Puccini & Meagle, P.A.*

ATTORNEYS AT LAW

Post Office Box 30707
Albuquerque, NM 87190-0707
Telephone:      (505) 255-0202
Facsimile:      (505) 255-8726
Email:   pmlaw@puccinilaw.com

LOUIS PUCCINI, JR.*
SHAY E. MEAGLE

May 15, 2008

**VIA EMAIL @ richard.watts@gcinc.com and VIA FACSIMILE 831-761-7846**

Granite Construction, Inc.
ATTN: Richard Watts, Counsel
585 W Beach St
Watsonville CA  95076-5123

RE:    *DeAtley Litigation;* Subpoenas

Dear Mr. Watts:

This letter is to confirm our May 13th telephone conference wherein you informed me that Albert DeAtley and/or his attorneys informed Granite Construction, not to comply with the Subpoenas that were served upon Granite Construction. You forwarded to me a copy of a letter dated May 9, 2008 from attorney Jonathan P. McQuade on behalf of Albert DeAtley claiming some interest in these documents.

For your information, the form of the Subpoenas served upon Granite were in compliance with specific instructions from the U.S. District Court Clerk, in the district in which Granite is located. We believe that the Subpoenas are valid and that they should have been complied with, despite Albert DeAtley's interference.

Nevertheless, this letter confirms your representations that:

(1)    Granite has not returned or delivered any documents to Albert DeAtley, his attorneys or anyone on his behalf.

(2)    That Granite will retain all of the documents that it has which were the subject of the Subpoenas pending final resolution of the matter by the U.S. District Court.

We are filing a Motion in the U.S. District Court in the district that Granite is located to compel compliance with the Subpoenas and for an award of expenses, as a result of Granite's refusal to comply with the Subpoenas.

EXHIBIT
J

8015 Mountain Road Place, N.E., Suite 200, Albuquerque, New Mexico 87110-7817
Serving Clients for 37 Years In Business and Bankruptcy Law • Wills/Trusts/Probate Law • Corporate Law

Granite Construction Inc.
ATTN: Richard Watts, Counsel
May 15, 2008
Page 2

      Thank you for your professional courtesy.

                                      Very truly yours,

                                       PUCCINI & MEAGLE, P.A.

                                       By: _____
                                              Louis Puccini, Jr.

OLP/ipb

cc:    Les Powers
       Jennie Behles
       Ken Dugan
       Alan DeAtley

I:\K\D\DeAtley\Ltrs\GraniteConstruction(Richard).051508.wpd
5872.01

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is LINDBORG & DRILL LLP, 550 North Brand Boulevard, Suite 1830, Glendale, California 91203.

    On **June 6, 2008**, I served the foregoing: **MOTION TO COMPEL COMPLIANCE WITH SUBPOENA** on the interested parties in this action by placing a true copy there in a sealed envelope addressed as set forth in this action by serving:

**Granite Construction Inc.** (AND AFFILIATES)
585 W. Beach Street
Watsonville, CA 95076

**Andrew Campbell Smythe**
Paine Hamblen Coffin Brooke & Miller
717 W. Sprague Avenue, Suite 1200
Spokane, WA 99201

**Peter M. Vail / Robert M. Sulkin**
McNaul Ebel Nawrot & Helgren PLLC
600 University Street, Suite 2700
Seattle, WA 98101

**Richard B. Price**
Law Office of Richard B. Price
P.O. Box 1687
Omak, WA 98841

**Marc Rosenberg**
Lee-Smart P.S.
1800 One Covention Place
701 Pike Street
Seattle, WA 98101

[X]    **(U.S. MAIL)** I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Glendale, California.

[]    **(VIA FACSIMILE):** I caused a true and complete copy of the document described above to be transmitted by facsimile transmission to the telephone number(s):

[]    **(BY OVERNIGHT MAIL)** Federal Express

[]    **(BY PERSONAL SERVICE)** I caused said envelope(s) to be delivered by hand to the office   or residence of the addressee as shown above.  Hand delivered by: _____

    I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service, or served by Facsimile, on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date on postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on **June 6, 2008**, at Glendale, California.

Patricia Andaluz

**PROOF OF SERVICE**